IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM J. MITCHELL, | |
| Plaintiff, | |
| v. | Civil Action No. 1:24-cv-00065-KD-C |
| HUD and PRICHARD HOUSING AUTHORITY, | |
| Defendants. | |

## REPORT AND RECOMMENDATION

This matter has been referred for the entry of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), on the United States of America's (United States) pending Motion to Dismiss. [Doc. 6, PageID.81-93].[1] William J. Mitchell (Mr. Mitchell) filed his Response to Notice of Removal and Amended Complaint (Response). [Doc. 8, PageID.94-106]. The United States filed its Reply to Mr. Mitchell's Response to Notice of Removal and Amended Complaint (Reply). [Doc. 11, PageID.109-114]. After the parties were given the opportunity to fully brief the issues raised in the motion to dismiss, oral arguments were presented in open court on June 6, 2024. At oral argument, the Plaintiff appeared *pro se* and the United States Attorney's Office for the Southern District of Alabama (USAO) appeared on behalf of the Defendant. After consideration of the parties' briefs and oral arguments, it is determined that Mr. Mitchell has failed to carry his burden to show that this Court has subject matter jurisdiction over his claims. He did not plead or show that he presented his claims to the United States Department of

---

[1] This action is deemed an action against the United States over which this Court has original and exclusive jurisdiction pursuant to the Federal Tort Claims Act (FTCA). 28 U.S.C. § 2679(b)(1).

Housing and Urban Development (HUD) thereby failing to exhaust his administrative remedies in accordance with the Federal Tort Claims Act (FTCA). 28 U.S.C.A. § 2675(a). Accordingly, this Court does not have subject matter jurisdiction to hear any of the claims Mr. Mitchell raised in his Complaint.

It is **RECOMMENDED** that the United States' Motion to Dismiss be **GRANTED** and that Mr. Mitchell's claims presented against the United States be **DISMISSED** without prejudice.

**Factual Background**

1. On February 2, 2024, Mr. Mitchell filed his State Court Complaint in the Circuit Court of Mobile County, Alabama.[2] [Doc. 1-1, PageID.5-6]. Mr. Mitchell's Complaint names HUD as one of the defendants and, alleges negligence and tortious conduct.

2. On March 4, the United States timely removed this case to the United States District Court for the Southern District of Alabama. [Doc. 1, PageID.1-39].

3. HUD has no record that, prior to filing this action, Mr. Mitchell submitted an SF-95 Claim for Damage, Injury or Death (SF-95) to HUD. [Doc. 5-1, PageID. 77].

4. On March 14, during the pendency of this litigation, the USAO received Exhibit 4 to its Motion to Dismiss—which included a version of his complaint—from Mr. Mitchell via regular mail.

5. On March 25, the United States filed its Motion to Dismiss for lack of subject matter jurisdiction. [Doc. 6, PageID.81-93].

---

[2] All subsequent dates are from 2024.

6.    On April 9, during the pendency of this litigation, HUD received 21 pages—which included another version of his complaint—from Mr. Mitchell via regular mail.

7.    On April 30, Mr. Mitchell filed his Response to the United States' Motion to Dismiss. [Doc.8, PageID.94-106].

8.    On May 1, the USAO received the Response from Mr. Mitchell via regular mail.

**Legal Standard for Rule 12(b)(1) Motion to Dismiss**

This Court will dismiss a claim if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). An attack on subject matter jurisdiction may be either facial or factual in nature. *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232-33 (11th Cir. 2008). A facial attack requires the Court to consult the face of the complaint to determine whether it has alleged an adequate basis for jurisdiction, and factual allegations in the complaint are treated as true. *Id.* In contrast, a factual attack challenges the existence of jurisdiction with material that extends beyond the pleadings. *Id.*

**Analysis**

Mr. Mitchell's claims are due to be dismissed without prejudice because he did not present them to HUD prior to filing his State Court Complaint. The United States brought the pending Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(4), 12(b)(5) and 12(b)(6). [Doc. 6, PageID.81-93]. At oral argument, the Court focused on the United States' subject matter jurisdiction arguments raised pursuant to Rule 12(b)(1). *See* [Doc. 6, PageID.87-89]. The Court need not consider the United States' additional arguments because

3

the fact that Mr. Mitchell failed to show that he presented his claims to HUD to exhaust his administrative remedies is dispositive.

As a threshold matter, the Court construes Mr. Mitchell's Complaint liberally because he is a *pro se* litigant. *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, liberal construction has limits, and the Eleventh Circuit has recognized that, "[] even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)); *see also United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019) (reiterating the rule from *GJR Investments* regarding the limitations on re-interpretation of *pro se* pleadings). Similarly, the Eleventh Circuit squarely rejected the notion that a district court must "consider every potential statutory avenue of relief, weigh the costs and benefits of each, and decide whether [the *pro se* litigant] was entitled to relief under any one of them." *Zelaya v. Sec'y, Fla. Dept. of Corrs.*, 798 F.3d 1360, 1369 (11th Cir. 2015) (*overruled in part on other grounds by McCarthan v. Dir. of Goodwill Industries-Suncoast, Inc.,* 851 F.3d 1076 (11th Cir. 2017) (en banc)). Despite liberal construction, Mr. Mitchell has failed to establish any reasonable inference that he exhausted his administrative remedies prior to filing his State Court Complaint.

I.      **Mr. Mitchell's attempt to amend his Complaint is futile.**

Mr. Mitchell styled his Response as an Amended Complaint without seeking leave from this Court to amend. [Doc.8, PageID.94-106]. Mr. Mitchell's Response made no attempt to address the procedural deficiencies depriving this Court of jurisdiction, and that his claims do not

satisfy the presentment requirements. Therefore, Mr. Mitchell's attempt to amend his State Court Complaint is futile and it is recommended that he not be granted leave to amend his claims. *Echeverria v. Bank of Am., N.A.*, 632 F. App'x 1006, 1009 (11th Cir. 2015) ([a] complaint is futile if, "as amended [it] is still subject to dismissal" and the Court need not grant plaintiff leave to amend).

II. **Findings of Fact—Mr. Mitchell failed to show that he presented his claims to HUD.**

Mr. Mitchell failed to exhaust his administrative remedies as required by 28 U.S.C.A. § 2675(a) by presenting his claims to the appropriate Federal Agency prior to filing his lawsuit. During oral argument, Mr. Mitchell claimed that he informed HUD of his Complaint through a document entitled Anti Limited Notice for Settlement Purposes Only (Limited Notice). [Doc. 1-2, PageID. 20-21]. Mr. Mitchell filed this Limited Notice as part of his State Court Complaint. *Id*. However, Mr. Mitchell has no evidence that he presented his claims—through the Limited Notice or otherwise—to HUD prior to filing his State Court Complaint.

During oral argument, Mr. Mitchell also claimed that he spoke with a HUD representative and that he mailed his claims to HUD. Counsel for the United States confirmed, during oral argument and in the United States' Motion to Dismiss, that—during the pendency of this litigation—Mr. Mitchell called the USAO and mailed documents to both the USAO and to HUD. [Doc. 6, PageID.82, ¶9; and, PageID.90] and [Doc. 11, PageID.110, ¶4]. Mr. Mitchell calling counsel for the United States and mailing documents to the USAO or to HUD, during the pendency of this litigation, does not meet the FTCA's presentment requirements. Accordingly, the facts presented establish that Mr. Mitchell failed to exhaust his administrative remedies through presentment to HUD prior to initiating this lawsuit.

III. **Conclusions of Law—Mitchell's claims against the United States must be dismissed without prejudice for lack of jurisdiction.**

This Court does not have subject matter jurisdiction to hear Mr. Mitchell's claims. A condition of the waiver of sovereign immunity by the United States is that an action shall not be instituted unless the claimant "first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C.A. § 2675(a), *see also McNeil v. United States*, 508 U.S. 106, 113 S. Ct. 1980, 1981, 124 L. Ed. 2d 21 (1993) (dismissing the plaintiff's suit because his District Court case was filed before his claim was presented to and "finally denied" by the Federal Agency). It is well-settled that "[a] district court only has jurisdiction over a FTCA action if the plaintiff has met section 2675(a)'s requirements." *Burchfield v. United States*, 168 F.3d 1252, 1254-55 (11th Cir. 1999) (*citing Bush v. United States*, 703 F.2d 491, 494 (11th Cir. 1983)).

In other words, "[t]he FTCA sets forth specific requirements that must be met prior to a claimant filing a lawsuit against the United States." *Randles v. Fed. Bureau of Investigation*, No. CV 22-0405-KD-MU, 2023 WL 2922837, at *2 (S.D. Ala. Feb. 27, 2023), report and recommendation adopted, No. CV 1:22-00405-KD-MU, 2023 WL 2921334 (S.D. Ala. Apr. 12, 2023). To meet these presentment requirements, and

> [t]o exhaust administrative remedies, "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." If the agency fails to make a "final disposition of a claim within six months after it is filed," the claimant may treat the lack of response as "a final denial of the claim for purposes of this section." ("Before instituting a federal suit, the claimant must wait either until the administrative agency finally denies the claim or until at least six months have passed after the claim was filed.").

*Caldwell v. Klinker*, 646 F. App'x 842, 846 (11th Cir. 2016) (internal citations omitted). Failure to comply with these requirements deprives the court of jurisdiction. *Motta v. United States*, 717

6

F.3d 840, 843 (11th Cir. 2013). This Court has examined application of these conditions and specifically found, as follows:

> To sufficiently meet section 2675(a)'s requirement of giving notice to the appropriate federal agency, "a claimant must do two things: '(1) give [] the [appropriate] agency written notice of his or her claim sufficient to enable the agency to investigate and (2) place [] a value on his or her claim.'" If the plaintiff has not satisfied those requirements, the district court lacks jurisdiction over the FTCA claim.

*Bates v. U.S. Gov't*, 3 F. Supp. 3d 1311, 1319 (S.D. Ala. 2014) (internal citations omitted). This Court has further found that even *pro se* litigants must comply with these procedural FTCA rules prior to pursuing a tort action against the United States. *see Witt v. Palmer*, No. CV 19-0077-KD-MU, 2019 WL 3308953, at *3 (S.D. Ala. June 27, 2019), *report and recommendation adopted*, No. CV 1:19-00077-KD-MU, 2019 WL 3307051 (S.D. Ala. July 22, 2019). s*ee also Caldwell*, 646 F. App'x, 847 ("pro se status does not excuse [a plaintiff's] failure to satisfy the FTCA's requirements").

Here, Mr. Mitchell failed to submit "the claim in writing to the appropriate Federal agency—the one whose employee was allegedly responsible for the tort—and wait for dispensation from that agency," prior to filing his State Court Complaint. *Martin v. United States*, No. CIV.A. 10-0501-KD-N, 2011 WL 777945, at *1 (S.D. Ala. Feb. 4, 2011), report and recommendation adopted, No. CIV.A. 10-00501-KD-N, 2011 WL 773317 (S.D. Ala. Feb. 25, 2011), aff'd, 439 F. App'x 842 (11th Cir. 2011). Thus, the United States requests dismissal without prejudice. Mr. Mitchell has two years from the date of accrual to file his administrative claims. 28 U.S.C. § 2401(b). His filing of this lawsuit is not a substitute for filing an administrative action and does not toll the statute of limitations. *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1202 n.5 (11th Cir. 2008) (a complaint filed before exhaustion of a plaintiff's administrative remedies is not effective on final agency denial and plaintiffs must file

a new lawsuit within six months of the final agency denial). Accordingly, it is recommended that Mr. Mitchell's claims against the United States be dismissed for lack of subject matter jurisdiction.

IV. **Mr. Mitchell's remaining claims against the Prichard Housing Authority should be remanded to State Court.**

Mr. Mitchell's remaining claims against the Prichard Housing Authority arise under State Law, and it is recommended that this Court decline to exercise supplemental jurisdiction over those claims. Under 28 U.S.C. § 1367(a), "[], in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if... the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). *see Arnold v. Tuskegee Univ.*, 2006 WL 3724152, at *6 (11th Cir.2006) ("[w]hen the district court has dismissed all federal claims from a case, there is a strong argument for declining to exercise supplemental jurisdiction over the remaining state law claims."); *see also Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir.1997) (same).

Mr. Mitchell's federal claims against the United States should be dismissed in their entirety without prejudice. In his State Court Complaint, Mr. Mitchell generally alleges that the Prichard housing authority is responsible for his "Personal Injury Due to Negligence and Dilapidated Apartment unsafe living conditions and removed from [his] apartment" [Doc. 1-1, PageID.5], and that these claims arise under Alabama State Law. [Doc. 8, PageID.94]. Thus, his remaining claims against Prichard Housing Authority depend exclusively on determinations of

8

State Law. Accordingly, it is recommended that Mr. Mitchell's remaining claims against the Prichard Housing Authority be remanded to the Circuit Court of Mobile County, Alabama.

## Conclusion

Upon due consideration, for the reasons contained in the United States' Motion to Dismiss [Doc. 6, PageID.81-93] and Reply [Doc. 11, PageID.109-114], as well as these findings of fact and conclusion of law, it is found that Mr. Mitchell failed to present his claims to HUD and recommends that the United States' Motion to Dismiss be **GRANTED** and Mr. Mitchell's Complaint against the United States be **DISMISSED** in its entirety without prejudice.

It is further recommended that Mr. Mitchell's remaining claims against the Prichard Housing Authority be **REMANDED** to the Circuit Court of Mobile County, Alabama.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); S.D. ALA. L.R. 72(c). A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [ ] appellate review to plain error review of the magistrate judge's *factual findings*." *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir.2013) (*emphasis in original*). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's Report and Recommendation where the disputed

determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** and **ORDERED** this 21st day of June, 2024.

                                    /s/WILLIAM E. CASSADY
                                    UNITED STATES MAGISTRATE JUDGE